# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR    WWW.NEWYORKCONSUMERATTORNEY.COM    PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026    E-mail: ahmad@NewYorkConsumerAttorney.com    FAX: (877) 496-7809

August 26, 2011

Magistrate Judge Viktor V. Pohorelsky
225 Cadman Plaza East
Brooklyn, New York 11201

        <u>*Via ECF*</u>

      Re:     *Pre-motion letter for motion to compel.*

             **Case No. 11-cv-01368-JBW-VVP,** *Leilani Torres v. Toback, Bernstein & Reiss, LLP, et al* **, Eastern District of New York.**

Dear Judge Pohorelsky:

      My office, together with co-counsel, represents the plaintiff in the above-referenced class action brought

      I am writing to compel discovery responses from the defendants The Court's order from the May 26, 2011 initial conference required letters regarding outstanding discovery disputes to be submitted to the court by today, August 26, 2011. As seen in the certificate of conference, my co-counsel and I have conferred with opposing counsel a number of times over the last three weeks to address our discovery concerns. Defendants have amended answers to address some of the concerns. As of this afternoon, counsel for defendants indicated he would seek to amend early next week to address at least some of the remaining concerns. But as things stand now, a number of matters remain in dispute. For the Court's convenience, I am attaching defendants' discovery responses to date.

1.     <u>Interrogatory # 1 regarding calculations of amounts due</u>. Defendants have not fully answered interrogatory # 1, regarding the calculations of the amounts defendants claimed were due in its collection letters to consumers. These are essential issues for the case. This is the single most important discovery request in the entire case and it needs to be fully answered. Defendants responses are deficient because they do not itemize for each class member the following:

a. The date of each written communication to each person is not disclosed.

b. The amount that each letter claimed was "principal balance due," the "prior principal balance due" or the "sum" due is not disclosed. Further an itemization for each of these amounts is not disclosed. Specifically, defendants have not disclosed for ***each representation of the amount due*** the amount that was:

    i. The face value of the loans;[1]

    ii. The dollar amount of the collection fee for each representation of the amount due;

    iii. What the 40% collection fee is being calculated off of (e.g. is it 40% of the face value of the loan, or is it also off of the interest as of that date). [2]

    iv. Conversely, whether the interest is running on only the face value of the loan, or whether the interest is also being compounded on the hidden 40% collection fee.[3]

    v. The date from which defendants began applying interest for each loan.

c. The reason why a 5% interest rate was charged for one person, but a 9% interest rate was charged for another person. Defendants make a generalized assertion that the charged "either 5% interest or 9% interest on the loan, depending upon the year that the loan was issued, whether a judgment was obtained against the debtor and/or the agreement signed by the debtor." Defendants need to itemize for each

---

[1] During a lengthy telephone call regarding these issues on August 11, 2011 defense counsel stated that when defendants' interrogatory answer uses the term "principal loan amount" it means the face value of the loans. However, defendants have not amended their interrogatory answers to state this. This is especially important in this case because what defendants represent in their collection letters as the "principal amount due" in fact can be more than double the fact value of the loans because of hidden interest and collection charges.

[2] Defendants have admitted that there is a collection fee of 40% for each loan, but do not state the dollar amount of each collection fee for each amount collected. Moreover, defendants do not state what the collect fee is 40% of. Is it 40% of the face value of the loan? Is it 40% of both the face value of the loan and the interest? If the latter, what is the dollar amount of the interest it is applying the 40% collection fee upon, and is that interest accruing at 5% or 9%.

[3] Similarly, interrogatory # 3 specifically asks for the calculation of the collection fee rolled into each amount claims as the "principal amount due," and the dollar amount of that collection fee. Defendants did not answer, simply listing the names of individuals.

person which of these reasons lead defendants to charge that person the interest rate they did.

d. The date on which that the Perkins loans were issued for each person is not disclosed, even though defendants state the year the loan was a factor in determining whether defendants charged a 5% or 9% interest rate. Also, different regulations governing Perkins loans were in place for different years.

e. The itemization for each person of the total amount collected, and the amount collected within 1 year of the filing of this lawsuit; and a further itemization as to the dollar amounts that were applied to collection fees, the dollar amounts that were applied to interest, the dollar amounts that were applied to the face value of the loan, and the amount claimed to be due after the application of these payments.

f. The collect fee defendants were charging Columbia and, specifically, of the amounts collected, the amount that went to defendants and the amount the went to Columbia.

g. Whether the rate is simple interest or compound interest.

2. <u>Persons outside NY</u>. Interrogatory # 5 asks for the same information as interrogatory # 1, but for those outside NY state. We have the same concerns for these responses as we do for the responses to interrogatory # 1.

3. <u>No privilege log</u>. Defendants objected to many discovery requests based on attorney-client and work-product privilege, but did not provide a privilege log as required by local rules. Counsel for defendants have indicated that they are in the process of compiling a privilege log and will produce one when they have completed copying and sorting their document production. To date, however, no privilege log has been received.

4. <u>Almost no documents produced, yet</u>. To date, defendants have produced almost no documents. The only documents produced so far are the letters exchanged between defendants and plaintiff or plaintiff's counsel. In other words, the only documents produced were documents we already had.

Counsel for defendants has indicated that he will be supplementing document production, but no supplemental document production has been produced to date. Counsel for defendants has stated that he has made copies of 12,600 documents in this case, and is now working to redact or separate information he believes is protected by the attorney client or work product privileged. In hopes of minimizing the time needed by defendants to redact documents, Plaintiffs have provided defendants a letter agreement to agree to keep the social security numbers and bank account numbers of consumers confidential.

At the same time, it has been weeks since the documents were required to be produced. Indeed, counsel for plaintiffs agreed to extend the deadline for defendants

to answer discovery requests for the purpose of allowing defendants additional time to organize and produce documents.

5. <u>Request to obtain electronic documents</u>. Counsel for defendants have stated that they will produce (at some point) in printed form documents that are stored electronically in the computer directory "S:\DOCS\LC-Columbia."

Plaintiff's wish to copy – at their own expense – the electronic files contained in that drive. Obtaining the copies of the documents in electronic form would could defendants nothing. In contrast, producing those same 12,600 documents in hard copy form would be more costly and burdensome for all sides. Further, the electronic files will contain metadata that would not be present in a hard copy. For example, the metadata may indicate who created the document, and when it was last altered (such as whether it was altered after the filing of this lawsuit).

Defendant's sole objection in our request for production # 34 requesting this information in electronic form via CD-ROM, etc. is "overbroad and unduly burdensome." Defendants do not contend any of the information is confidential or privileged. If there are specific documents stored electronically that are claimed to be privileged, the electronic documents can be put aside until the court rules on the propriety of the objections of privilege in the forthcoming privilege log.

6. <u>Retainer agreement.</u> Any agreement between Columbia and defendants as to the division of attorney's fees or collection proceeds is relevant to plaintiff's claims. Plaintiff needs to know, for example, if defendants were charging Columbia, say, a 25% collection fee while charging consumers a 40% collection fee. Defendants have objected to producing these documents in response to requests for production # 1 and # 2.

7. <u>Step by step process.</u> Interrogatory # 9 asks for each step taken in the process of the written communications being sent to consumers. Obviously stating the name of each person involved in the process and what steps they took would be essential in determining who to depose and which persons had supervision or control of the collection process. Defendants provide a cursory response, although their counsel has represented that they will amend.

8. <u>Bona fide error.</u> Defendants have provided no factual or legal basis for its assertion of bona fide error in response to interrogatory number 17. If defendants chose not to amend, plaintiff will object to any argument or evidence that exceeds the very generalized statement in the discovery response.

9. <u>Specific pages numbers</u>. The following request for production as for production of very narrowly tailored documents. When you produce the documents, please amend your production answers to demonstrate which specific documents you are referring to in response to request for production # 24 (basis of interest rate), # 28 (basis of collection fee), # 29 (the the collection fee was reasonable), # 30 (that the collection fee was actually incurred"), # 31 (that the collection fee reflected "actual costs" per person), # 32 (that the collection fee was based on the actual costs incurred for each person).

Defendants have every right to make every legitimate objection they believe is appropriate, but the FDCPA is a fee shifting statute. If defendants choose to fight over process issues, it does so at its peril. *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985) ("While [defendant] is entitled to contest vigorously [plaintiff's] claim, once it does so it cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended.")

Sincerely,
/s/
Ahmad Keshavarz

## CERTIFICATE OF CONFERENCE

Counsels for plaintiff have conferred on at least six occasions over the last three weeks seeking to resolve discovery issues. The conferences have, to some extent, narrowed the matters in dispute, but significant issues remain as outlined above. Specifically, on August 2, 2011 we sent a lengthy letter itemizing plaintiff's concerns as to why blanket assertions of confidentiality in discovery responses would not comply with the FRCP, local rule, the oral statements of the magistrate, and 2nd circuit case law. On August 4, 2011, counsel for plaintiffs sent an email itemizing our initial concerns regarding defendants' discovery responses. On August 11, 2011 we held a conference call to discuss, among other things, additional specific items regarding discovery which still have not been address. On August 22, 2011 we met in person in your office and we continued to raise our discovery concerns. On August 25th and 26th, counsel for plaintiffs had very lengthy conference calls going through these issues in great detail, but the above items still remain.

## CERTIFICATE OF SERVICE

I hereby certify that on this, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Defendants by and through their attorneys of record
Matthew J. Bizzaro
Marian C. Rice
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue
Garden City, NY 11530
Telephone: (516) 294-8844
Fax: (516) 294-8202
E-Mail: mbizzaro@lbcclaw.com

co-counsel for Plaintiff
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010

New York, NY 10005
Tel: 212-248-7906
Fax: 212-248-7908
E-mail: brian@bromberglawoffice.com

Dated:  Brooklyn, NY
        August 26, 2011
         /s/
        Ahmad Keshavarz
        Attorney for Plaintiff