UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEILANI TORRES, on behalf of herself and
others similarly situated,

                Plaintiff,

    - v -

TOBACK, BERNSTEIN & REISS LLP, et al.,

                Defendants.
------------------------------------------------------------x

**OPINION AND ORDER**

CV-11 1368 (NGG)(VVP)

      The parties have raised two issues with the court implicating the scope of the attorney-client privilege. The plaintiff has moved to compel the defendants to produce the retainer agreement between the defendant Toback, Bernstein & Reiss LLP ("Toback Bernstein") and its client, Columbia University, pursuant to which the defendant performed the debt collection services at issue in this litigation. In addition, the court has been asked to address whether the attorney-client privilege has been properly asserted by the defendants with respect to a number of documents that have been submitted for *in camera* review. Decisions on those matters follow below.

      As to the retainer agreement, a long and unbroken line of cases in this Circuit have established that "in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice." *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993), *citing In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247 (2d Cir.) (en banc), *cert. denied*, 475 U.S. 1108 (1986); *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984); *Colton v. United*

*States*, 306 F.2d 633, 637-38 (2d Cir. 1962), *cert. denied*, 371 U.S. 951 (1963); *United States v. Pape*, 144 F.2d 778, 782-83 (2d Cir.), *cert. denied*, 323 U.S. 752 (1944).[1]  The defendants have identified no special circumstances here.  The identity of their client is not a secret.  Nor have they cited anything of a confidential nature that might be revealed by production of the retainer agreement.

The defendants also make the somewhat stronger argument that the retainer agreement is irrelevant.  The plaintiffs, however, point out that the retainer agreement will likely disclose the terms of the financial arrangements between Toback Bernstein and Columbia concerning the debt collection activities Toback Bernstein was conducting.  They argue that those matters may become significant in determining the reasonableness of the fees charged by Toback Bernstein to the debtors whom they pursued.  Although it is not entirely clear how the financial arrangements between Toback Bernstein and Columbia would bear on the reasonableness issue, the plaintiff's argument is sufficient to establish relevance for the purposes of discovery, where the standard is whether the information is reasonably calculated to lead to evidence admissible at trial.  Fed. R. Civ. P. 26(b)(1).

Upon *in camera* review of the documents submitted by the defendants, the court concludes that they too are unprotected by the attorney-client privilege.  The Second Circuit

---

[1] The defendants mistakenly argue that New York state law concerning privilege applies because state law supplies the rule of decision in this action.  As this case arises under a federal statute, the Fair Debt Collection Practices Act, it is a federal question case, and federal common law of privilege therefore applies.  *E.g., Woodward Governor Co. v. Curtiss Wright Flight Systems, Inc.*, 164 F.3d 123, 126 (2d Cir. 1999); *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); Fed. R. Evid. 501.

has outlined the elements of the attorney-client privilege under federal common law as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1036 (2d Cir. 1984); *accord United States v. Int'l Bhd. of Teamsters,* 119 F.3d 210, 214 (2d Cir. 1997). The Second Circuit has reiterated on numerous occasions that, like most privileges, the attorney-client privilege "should be strictly confined within the narrowest possible limits underlying its purpose." *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 504 (2d Cir. 1991) (citing, *inter alia*, *In re Grand Jury Subpoena (Shargel)*, 742 F.2d 61, 62 (2d Cir. 1984)); *accord, e.g., In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *Int'l Bhd. of Teamsters*, 119 F.3d at 214. Thus, unlike the New York state law regarding this privilege, only communications "by the client" qualify for protection.[2] Although the privilege may extend to communications of legal advice by an attorney to his client, it does so only if the advice discloses, directly or indirectly, a privileged communication made by the client to the attorney. *See In re Six Grand Jury Witnesses*, 979 F.2d 939, 943-44 (2d Cir.1992), *cert. denied sub nom. XYZ Corp. v. United States*, 509 U.S. 905 (1993); *Bank Brussels Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995).

---

[2]In contrast, New York provides protection to all confidential communications between an attorney and his or her client relating to legal advice, whether the communication is by the client or by the attorney. N.Y.C.P.L.R. § 4503(a); *Rossi v. Blue Cross & Blue Shield*, 73 N.Y.2d 588, 592, 540 N.E.2d 703, 705, 542 N.Y.S.2d 508, 510 (1989).

Each of the documents submitted for *in camera* review is a letter from Toback Bernstein to Columbia seeking information about the debt they were apparently hired to collect. The only information obtained from Columbia that is revealed in the letters is the name of the debtor, information that can hardly be considered confidential. Moreover, the purpose of the communications is not for Columbia to obtain legal advice from Toback Bernstein, but for Toback Bernstein to obtain information related to their debt collection business. Since the letters reveal no confidential communications from a client to a lawyer for the purpose of obtaining legal advice, they are not protected by the attorney-client privilege.

The plaintiff's motion to compel production of the retainer agreement is granted. The defendants are to produce the agreement as well as the documents submitted for *in camera* review to the plaintiff within fourteen days.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         January 24, 2012