D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LEILANI TORRES, on behalf of herself and all
others similarly situated,

                          Plaintiff,

    -against-

TOBACK, BERNSTEIN & REISS LLP,
LORAINE CAMPBELL, ARTHUR M.
TOBACK, BRIAN K. BERNSTEIN, LEONARD
S. REISS, and JOHN DOES 1-10,

                          Defendants.
----------------------------------------------------------------X



ORDER

11-CV-1368 (NGG) (VVP)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is the parties' Joint Motion for Class Certification, Appointment of Class Counsel, and Preliminary Approval of Class Action Settlement. (Dkt. 69.) On March 14, 2014, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation ("R&R") recommending that the parties' motion be granted. For the following reasons, the R&R is ADOPTED IN PART, and decision is RESERVED IN PART.

I.     **BACKGROUND**

For the factual background of this case, the court refers to the R&R at pages 2-4. On March 21, 2011, Plaintiff Leilani Torres ("Plaintiff" or "Named Plaintiff") brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") by Defendants. (See Compl. (Dkt. 37).) Plaintiff's Complaint included claims asserted individually and claims asserted on behalf of a class. (See id.)

On June 20, 2013, the parties filed a Joint Motion for Class Certification, Appointment of Class Counsel, and Preliminary Approval of Class Action Settlement (the "joint motion").

1

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1), the court referred the motion to Judge Pohorelsky for a report and recommendation. (July 22, 2011, Order.) On March 14, 2014, Judge Pohorelsky issued his R&R, recommending that the proposed class be certified, Plaintiff's counsel be appointed as Class Counsel, preliminary approval of the proposed settlement be granted under certain conditions stated in the R&R, and notice be directed to the proposed class with certain modifications. (R&R (Dkt. 77) at 21.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation and it has been served on the parties, a party has fourteen days to object to the R&R. Fed. R. Civ. P. 72(b)(2). In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. [The district court] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). "Where no objection to the Report and Recommendation has been filed, the district court 'need only satisfy itself that that there is no clear error on the face of the record.'" Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) (quoting Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)).

## III. DISCUSSION

No party has objected to Judge Pohorelsky's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 21 ("Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report.") (citations omitted).) Therefore, the court reviews the R&R for clear error. See

28 U.S.C. § 636(b)(1); Gesualdi, 2010 WL 985294, at *1; La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

### A. Class Certification

The court finds no clear error in the R&R's reasoning and conclusions concerning the motion for class certification. However, after the issuance of the R&R, the parties filed a letter with the court correcting the number of class members in the two settlement sub-classes. (See Mar. 20, 2014, Ltr. (Dkt. 78).) According to the letter, the correct numbers are 255 members for the Perkins Loan Class and 282 members for the Education Loan Class. (Id. at 1.) With these revised numbers, the numerosity requirement under Federal Rule of Civil Procedure 23(a) remains satisfied for each sub-class. See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of forty members."). The parties aver that under the proposed settlement, these revised numbers will result in statutory damages of $67.16 for each member of the Perkins Loan Class and $60.73 for each member of the Education Loan Class. (Id.) Therefore the court modifies the R&R to define the settlement sub-classes according to the numbers contained in the parties' March 20, 2014, letter. Accordingly the R&R's recommendations that (1) the class be conditionally certified as two sub-classes for the purpose of settlement, and (2) Plaintiff's counsel be appointed as Class Counsel are ADOPTED WITH MODIFICATION. The court notes that if the proposed settlement is not ultimately approved, the class will be automatically decertified.

### B. The Proposed Settlement

#### 1. Revisions to the Proposed Settlement and Class Notice

Although the court finds no clear error in the R&R's findings concerning the proposed settlement, preliminary approval of the proposed settlement and the class notice is premature in

3

light of the anticipated revisions to the settlement raised by the R&R and the parties. After the parties filed the joint motion, and in response to issues raised during conferences before Judge Pohorelsky, Plaintiff divided the putative class into two separate sub-classes, which she claims each independently satisfy Rule 23's requirements. (See Pl.'s Mar. 5, 2014, Ltr. (Dkt. 74) at 1-2, 9.) Due to this reorganization, Judge Pohorelsky recommends, and Plaintiff agrees, that the settlement fund should be divided into two equal shares for the two sub-classes rather than allocated pro rata among all class members generally, as currently stated in the settlement. (See R&R at 18; Proposed Settlement (Dkt. 69-3) ¶ 30(b).) As mentioned above, the parties also recently corrected the number of class members in each sub-class. The settlement fund reallocation and changes in the number of class members will affect the anticipated statutory damages for each class member. These changes have not been incorporated into the proposed settlement or the proposed class notice. In addition, Judge Pohorelsky highlights that the class notice is missing an advisement that class members may enter an appearance through an attorney, which is required by Federal Rule of Civil Procedure 23(c)(2)(B). (See R&R at 21.) Judge Pohorelsky conditioned his preliminary approval of the settlement and notice on these revisions and modifications, and the court agrees. Therefore the court ADOPTS the findings of the R&R but RESERVES DECISION regarding the R&R's recommendation that the proposed settlement be preliminarily approved and the class notice be approved. The court understands that the parties are currently revising the settlement. (See Pl.'s Mar. 20, 2014, Ltr. at 1.) By April 11, 2014, they shall file a revised settlement, class notice, and conditional order incorporating these changes.

## 2. Incentive Award for Named Plaintiff

Finally, the proposed settlement awards Plaintiff $13,500 separate from the settlement fund "as damages and for her role in this litigation as class representative." (Proposed Settlement ¶ 30(a).) Plaintiff claims that approximately $5,000 of that amount is compensation for Plaintiff's overpayment on her loan due to Defendants' misstatement of the interest rate, making it effectively the same as the "corrected accounting" relief due all Perkins Loans Class Members under the proposed settlement. (R&R at 19; Feb. 5, 2014, Hr'g Tr. (Dkt. 75) at 18; Proposed Settlement ¶ 30(c).) Therefore the remaining $8,500 is an incentive award.

"Incentive awards are not uncommon in class action cases and are within the discretion of the court. Courts look for the existence of special circumstances when determining whether an award is justified and, if so, in what amount." In re AOL Time Warner ERISA Litig., No. 02-CV-8853 (SWK), 2007 WL 3145111, at *2 (S.D.N.Y. Oct. 26, 2007) (internal citations and quotation marks omitted). "Special circumstances" may include, inter alia:

> the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claim, and of course, the ultimate recovery.

Id. For example, in employment discrimination litigation, a class representative who is a present or past employee of the defendant exposes himself to significant personal risk and retaliation by serving as the name and face of a class action. See Roberts v. Texaco, Inc., 979 F. Supp. 185, 201 (S.D.N.Y. 1997). By contrast, class actions in other contexts such as securities or antitrust litigation generally do not carry the same risk to named plaintiffs. See id. An incentive award may also be warranted when a named plaintiff has dedicated significant time and effort to the

5

litigation, for example by preparing and sitting for a deposition. See In re AOL Time Warner, 2007 WL 3145111, at *4 (finding a $1000 incentive award for each deposed named plaintiff and a $500 award for each un-deposed named plaintiff to be appropriate).

Incentive awards, however, also raise concerns that a named plaintiff's ability to faithfully represent the class may be compromised. "A class representative is a fiduciary to the class. If class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." Roberts, 979 F. Supp. at 200-01 (collecting cases) (quoting Weseley v. Spear, Leeds & Kellogg, 711 F. Supp. 713, 720 (E.D.N.Y. 1989)). Courts in this circuit have sometimes reduced requested or agreed-upon incentive awards, at times reasoning that they are "grossly disproportionate to the compensation to be paid to the absent class members the plaintiffs seek to represent." Sheppard v. Consol. Edison Co. of N.Y., Inc., No. 94-CV-0403(JG), 2002 WL 2003206, at *6 (E.D.N.Y. Aug. 1, 2002) (reducing incentive awards to one-sixth of the proposed maximum amount); see also In re AOL Time Warner, 2007 WL 3145111, at *4 (reducing $20,000 incentive awards to $1000 and $500); Roberts, 979 F. Supp. at 205 (reducing $200,000 and $100,000 incentive awards to $85,000, $50,000, $25,000, and $2,500 in an employment discrimination case).

The proposed settlement's incentive award of $8,500 is thus a cause for concern. Plaintiff contributed to this action by retaining and organizing papers that were crucial to the prosecution of this case, and she also withdrew individual claims against Defendants that did not generally apply to the sub-classes. (See Hr'g Tr. at 19-20.) An incentive award may be warranted to recognize her efforts and sacrifices on behalf of the class, but the amount proposed seems "grossly disproportionate" to the compensation for absent class members of

approximately $60 or $67 each. Plaintiff exposed herself to minimal personal risk, and it is not apparent that Plaintiff prepared or sat for a deposition or participated in any court proceedings. Although the court will reserve decision until final approval of the settlement, it is inclined to reduce the incentive award to $1,000, unless the parties make a showing of why a greater amount is appropriate. Therefore Defendants would owe Plaintiff $6,000 in total. The parties are encouraged to be mindful of the court's concerns when revising the proposed settlement.

## IV. CONCLUSION

For the foregoing reasons, the R&R's recommendations that (1) the class be conditionally certified as two sub-classes for the purpose of settlement, and (2) Plaintiff's counsel be appointed as Class Counsel are ADOPTED WITH MODIFICATIONS contained herein. As for the R&R's recommendations that (3) preliminary approval of the proposed settlement be granted, and (4) the class notice be approved, the court ADOPTS the findings of the R&R but RESERVES DECISION pending the parties' submission. By April 11, 2014, the parties shall file with the court a revised settlement, class notice, and conditional order addressing the modifications discussed in the R&R and this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

7