UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LEILANI TORRES, on behalf of herself and
all others similarly situated,

                         Plaintiff,        **MEMORANDUM AND ORDER**

     - v -

                                              11-CV-1368 (VVP)

TOBACK, BERNSTEIN &
REISS LLP, et al.,
                        Defendants.
----------------------------------------------------------x
POHORELSKY, Magistrate Judge:

       Following the completion of all terms of the settlement of this class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (the "FDCPA"), the plaintiff's counsel has moved for an order approving an agreed upon award of attorneys' fees and costs. The motion is unopposed. For the reasons below their application is granted.

       The plaintiff's amended complaint alleged various violations of the FDCPA in connection with the defendants' conduct in seeking to collect various student loan debts. The alleged transgressions included improperly calculating the interest owed, assessing excessive collection fees, and engaging in collection activities in New York City without being licensed to do so. After a period of discovery and the amendment of the original complaint, the parties engaged in settlement negotiations that achieved a settlement of all claims on behalf of two sub-classes, one comprising student loan debtors who were overcharged for interest and fees and the other comprising student loan debtors who were subject to the defendants' unlicensed collection efforts.[1] The settlement received conditional approval and final approval after a hearing.[2]

---

      [1]Many, but not all, class members were members of both sub-classes.

      [2]The settlement contemplated a corrected accounting of the student loan debts, which was conducted after final approval of the settlement. The accounting has now been completed, after several extensions of the deadline for doing so, setting the stage for the instant motion.

The settlement achieved substantial benefits for the members of both sub-classes. It included separate payments of maximum statutory damages[3] to each sub-class, as well as a recalculation of interest and fees for the members of the overcharged sub-class. Thus the members of each sub-class received approximately $80 in statutory damages.[4] More importantly, the members of the overcharged sub-class received reductions in their indebtedness totaling approximately $2.4 million.[5] This included repayments totaling more than $59,000 to 21 class members who had overpaid their accounts. The settlement also contemplated the defendants' payment of the plaintiff's attorneys' fees and costs in an amount that would be negotiated by the parties, but which did not affect any of the other settlement amounts. The parties have now agreed that the award would be no more than $195,000, and that is the amount the plaintiff's counsel now seek.

In approving the settlement of a class action, the court has the responsibility to insure that the terms of the settlement are fair and reasonable, including the amount of fees and costs obtained by class counsel. *See generally Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 621

---

[3]Under the FDCPA, class action damages are limited to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B).

[4]The plaintiff's memorandum states that the members of each sub-class obtained identical amounts of $81.86 per member, see Pl. Mem. [DE 106-1] p.25, which appears to be erroneous for two reasons. First, the amount of statutory damages for each sub-class was $20,875, to be divided equally among the members of each sub-class. See Revised Settlement Agreement [DE 85-1] ¶ 30(b). As the total number of members in each sub-class (as identified in the settlement papers) differed from one another, the per member payment for the members of each sub-class must necessarily differ as well. Second, the memorandum itself states that those who were members of both sub-classes received a total of $160.34, Plaintiff's Mem. p.25, which is less than twice the $81.86 they presumably would have received. Accordingly, the court has estimated the per member payment of be $80, which approximates the projections provided by the plaintiff when the settlement was presented to the court for approval. See Plaintiff's Letter, May 14, 2014 [DE 85] p.2.

[5]Counsel for the plaintiff experience yet further arithmetic difficulties in calculating this benefit. They assert that the corrected accounting reduced the total debt of class members from $5.1 million to $2.7 million. Pl. Mem. p.1. They then assert that this constitutes a $2.7 million reduction in the class members' total debt, Pl. Mem. p.2, but by simple arithmetic a reduction from $5.1 million to $2.7 million constitutes a reduction of only $2.4 million. Counsel unfortunately repeat this error later in their submission. See Pl. Mem. p.8.

(1997); Fed. R. Civ. P. 23(e). To examine attorneys' fee awards for that purpose, courts have typically employed one of two analytical approaches, the percentage method and the lodestar method. Under the former approach, the court awards fees as a percentage of the "common fund" – i.e., the recovery – obtained for the class by counsel's efforts. Under the later approach – one that is used when calculating fee awards in cases brought under fee-shifting statutes such as the one underlying the claims here – the court awards fees based on an assessment of the number of hours reasonably expended by counsel on the litigation multiplied by the reasonable hourly rate of the attorneys who provided their labor, with an appropriate adjustment, or "multiplier," if warranted. Regardless of which approach is used, however, the court's determination is guided by the following criteria: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (quoting *In re Union Carbide Corp. Consumer Prod. Bus. Sec. Litig.*, 724 F. Supp. 160, 163 (S.D.N.Y. 1989).

Under both the percentage and the lodestar methods, the award sought by the plaintiff here is fair and reasonable. Taking first the percentage method, the financial benefits to class members here approximate $2.5 million dollars. Although approximately $2.4 million is provided in the form of debt reduction rather than cash payments, the benefit is no less worthy of consideration for it constitutes money that remains in the pockets of the class members rather than being paid out. The fee award of $195,000 amounts to about 8% of the total financial benefit achieved for class members. This is well under the percentage awarded in numerous cases where the percentage approach was used. *See, e.g., Silverman v. Motorola Solutions., Inc.*, 739 F.3d 956, 958 (7th Cir. 2013); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (36%); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457,463 (9th Cir. 2000), *as amended* (June 19, 2000) (33 1/3%); *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 909 (S.D. Ill. 2012) (33 1/3%); *Rubinstein v. Dep't Stores Nat. Bank*, No. 08 CIV 1596, 2011 WL 147721, at *1 (S.D.N.Y. Jan. 11, 2011) (23%); *In re Heritage Bond*

*Litig.*, No. 02 ML 147, 2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005) (33 1/3%). The court notes as well, that this is not a typical "common fund" case. In most such cases, the award of attorneys' fees is paid out of the common fund and thus depletes the amount of the financial benefit that devolves to the class. Here, there is no such depletion, and the award of attorneys' fees thus comes at no cost to the class. It is also worth noting that the attorneys' fees are part of the recovery in a typical common fund case and are therefore part of the denominator in the calculation of the percentage. Here, if the attorneys' fees are added to the financial benefits received by the class, the total recovery amounts to approximately $2.7 million, and the percentage of that amount attributable to attorneys' fees falls to 7.2%.

Taking the lodestar approach, the plaintiff's submission includes billing records for the attorneys who worked on the case which reflect $205,605 in attorneys' fees and $7,203.23 in expenses relating to their efforts. The attorneys' fees concern the work of three attorneys. The lion's share of the fees relate to Ahmad Keshavarz, Esq., whose billings totaled $152,525 at a rate of $400 per hour. Fees for work by Brian Bromberg, Esq. totaled $50,920 at $400 per hour, and fees for work by Bromberg's associate Michael Litrownik, Esq. totaled $2,160 at $200 per hour. Although the hourly rates for Keshavarz and Bromberg are slightly higher than those ordinarily awarded in FDCPA cases in this district, their work in this case justifies the higher rates. The case presented issues not ordinarily encountered in such cases because the debts underlying the class action claims were incurred in connection with student loans regulated by federal law, and the settlement required counsel to obtain an agreement by a non-party to the reduction of the debts at issue. The time sheets submitted in support of the fees reflect reasonable expenditures of time. Thus, the lodestar amount of $205,605 reflected in counsel's billing records, which exceeds the amount they seek by this motion, is a reasonable assessment of the value of their services without even considering whether a multiplier based on the success they achieved would be appropriate.

As the foregoing analysis demonstrates, under either the percentage method or the lodestar method, the award sought by counsel here is fair and reasonable, and is entirely

appropriate under the *Goldberger* criteria identified above. Counsel's efforts achieved very substantial benefits for class members and have established guideposts for the proper collection of student loan debts by other debt collectors. Accordingly, their motion for approval of an award of attorneys' fees and costs totaling $195,000 is granted. Pursuant to the terms of the settlement and the parties' subsequent agreement, the defendants are directed to pay that amount to the plaintiff's counsel.

           **SO ORDERED:**

           *Viktor V. Pohorelsky*

           VIKTOR V. POHORELSKY
           United States Magistrate Judge

Dated:   Brooklyn, New York
          January 23, 2017